IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DAVID HARROD                                                                    PETITIONER
REG. #15115-010

v.                              Case No. 2:20-cv-00240 KGB-JTK

BUREAU OF PRISONS                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

Pending before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner, David Harrod on December 9, 2020. (Doc. No. 1) In the petition, Harrod requests compassionate release from the Pulaski County Detention Center due to his increased risk for contracting COVID 19. A review of the Inmate Locator on the Federal Bureau of Prisons website indicated Petitioner's location at RRM Dallas in Grand Prairie, Texas.[1] On January 15, 2021, the Court requested Petitioner clarify his location and whether

---

[1] A court may take judicial notice of proceedings in other courts of record and government websites. *See Stutzka v. McCarvile*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); *see also See Albarez v. Marques*, 2019 WL 26480132, at *1 (D. Minn. June 4, 2019) (taking judicial notice of Federal Inmate Locator); *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) (recognizing "the authority of a court to take judicial notice of government websites").

he still sought compassionate release given his relocation. Petitioner did not respond, and another search of the Inmate Locator indicates Petitioner was released from federal custody on March 1, 2021. *See* Federal Bureau of Prisons Inmate Locator, http://bop.gov/inmateloc (searching Petitioner's Register Number 15115-010).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of the rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed, it plainly appears that Harrod is not entitled to relief on his § 2241 petition. Therefore, the undersigned recommends the petition be summarily dismissed as moot.

## Discussion

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Deardorff v. Hendrix*, 2021 WL 111279, *1 (E.D. Arkansas Jan. 25, 2021) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn.

Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian——i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

Petitioner was released from custody on March 1, 2021. As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot.

## Conclusion

For the reasons set forth above, IT IS RECOMMENDED the Petition for Writ of Habeas Corpus, Doc. No. 1, be dismissed with prejudice.

SO ORDERED THIS 20th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE